### COHEN v. SIMON et al.

(City Court of New York, General Term. December, 1901.)

TRIAL—WITNESSES—REPETITION OF EVIDENCE.
　　Where a witness was not called as an expert, or to testify as to opinion, but as to whether certain admissions were made, it was error to reject him because his testimony would be a mere repetition.

　　Delehanty, J., dissenting.

Appeal from trial term.

Action by Heyman Cohen against Philip Simon and others. From a judgment for defendants, plaintiff appeals. Reversed.

Former hearing, 67 N. Y. Supp. 1113.

Argued before HASCALL and DELEHANTY, JJ.

Max D. Steuer, for appellant.

L. J. Morrison, for respondents.

HASCALL, J. The cause of action—the nonpayment of a promissory note for $700—was admitted, but in defense was pleaded a discharge in bankruptcy by decree of the district court of the United States for the Southern district of New York upon proper proceedings therefor and actual knowledge by plaintiff of such proceedings. At the close of the trial, plaintiff moved to strike from the record certain ·exhibits, purported schedules in bankruptcy proceedings, as not only not duly proven, but, even if proven, not stating the facts concerning notices thereunder; and the refusal to grant such motion was excepted against. The case went to the jury on the question as to whether or not plaintiff was served and had notice of the bankruptcy proceedings, and the finding was in favor of defendants. Aside from the contention of appellant that unproven documents were received in evidence, he also maintains that he is entitled to a new trial because he was refused permission by the trial court to call and have testify a witness (Jacob D. Cohen), the court asserting that his testimony would be mere repetition. We think this ruling was error, the witness not being an expert, and one among a number of such called to testify as to opinion. In such case the court, being apprised of the character and extent of the proposed testimony, may, in its discretion, limit the number of witnesses testifying to the

same point; but in the case at bar such question did not arise, and non constat but what the testimony proffered would have satisfied the jury that so-called admissions were never in fact made and certain alleged conversations had not taken place. At any ·rate, it appears that appellant was not accorded reasonable opportunity, within the meaning of higher authority, to present his evidence. Sixth Ave. R. Co. v. Metropolitan El. R. Co., 138 N. Y. 548, 34 N. E. 400; Oneil v. Railroad Co., 129 N. Y. 125, 29 N. E. 84. We think that the purported records from the federal court were received without ample proofs, however regular and genuine the papers might have appeared. We decide this appeal upon their admission, as well as the refusal to allow the witness to testify.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event.

DELEHANTY, J. (dissenting). The refusal of the trial justice to permit the recalling of the witness Jacob D. Cohen was not such an abuse of judicial discretion as warrants the reversal of the judgment in question. As that is the only error insisted upon, the judgment, in my opinion, should be affirmed, with costs.